UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEFA HERNANDEZ BERNAL,<br>Plaintiff,<br>v.<br>SERGIO ALBARRAN, et al.,<br>Defendants. | Case No. 25-cv-09772-RS<br><br>**ORDER GRANTING PETITIONER'S EX PARTE REQUEST FOR A TEMPORARY RESTRAINING ORDER** |

Petitioner Josefa Hernandez Bernal is an undocumented immigrant from Venezuela with outstanding applications for asylum, withholding of removal, and protection under the Convention Against Torture. On November 13, 2025, Bernal was detained by Immigration and Customs Enforcement ("ICE") officers in San Francisco during a routine check-in. Bernal filed a petition for a writ of habeas corpus against various government defendants (Dkt. 1) and a motion for a temporary restraining order requesting release from custody and an order preventing the government from re-detaining her (Dkt. 3). For the foregoing reasons, the request for a TRO is granted.

**I. BACKGROUND**

Bernal arrived in the United States from Venezuela in June 2024. She was apprehended by federal agents at the border before being released on an Order of Recognizance. She timely filed applications for asylum, withholding of removal, and protection under the Convention Against Torture, all of which remain pending in immigration court. During her time in the United States, she has dutifully attended all her court hearings and complied with all of ICE's release

1 requirements. She has no criminal history.

2   On November 13, 2025, Bernal went to the ICE field office in San Francisco for a routine
3 check-in, as ICE instructed her to do. ICE detained her at that check-in. She promptly filed a
4 petition for a writ of habeas corpus and a motion for a temporary restraining order against various
5 government officials. She requests release from detention and an order preventing the government
6 from re-detaining her. In short, she argues that her detention violates the Due Process Clause of
7 the Fifth Amendment because it does not serve the only two interests that can justify civil
8 detention—mitigating flight risk and preventing danger to the community.

9   Bernal's counsel declares that she informed the government of this petition. The
10 government did not stipulate to a TRO, but at present it has not filed an opposition.

## II. LEGAL STANDARD

12   The standard for issuing a temporary restraining order is substantially identical to the
13 standard for issuing a preliminary injunction. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th
14 Cir. 2017). Thus, a party seeking a temporary restraining order must establish "[1] that he is likely
15 to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of
16 preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in
17 the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).
18 "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser
19 showing than likelihood of success on the merits – then a preliminary injunction may still issue if
20 the balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are
21 satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal
22 quotation marks and citations omitted). "[W]hen the Government is the opposing party," the final
23 two factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

24   An injunction is a matter of equitable discretion and is "an extraordinary remedy that may
25 only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S.
26 at 22. A "TRO 'should be restricted to . . . preserving the status quo and preventing irreparable
27 harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer.'" *E.*

ORDER GRANTING TRO
CASE NO. 25-cv-09772-RS

*Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

## III. DISCUSSION

Bernal has demonstrated a likelihood of success on the merits of her Fifth Amendment claim. Bernal has a substantial interest in remaining out of custody, and the Due Process Clause entitles her to a bond hearing before an immigration judge prior to any arrest or detention. *Pinchi v. Noem*, --- F. Supp. 3d ----, No. 25-cv-05632-PCP, 2025 WL 2084921, at *2–6 (N.D. Cal. July 24, 2025) (applying the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976) to similar circumstances); *see also Pablo Sequen v. Kaiser*, --- F. Supp. 3d ----, No. 25-cv-06487-PCP, 2025 WL 2203419, at *2 (N.D. Cal. Aug. 1, 2025) (collecting cases).

Bernal has also demonstrated a likelihood of irreparable injury in the absence of temporary relief. The likely unconstitutional deprivation of liberty she faces is an immediate and irreparable harm. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)); *see also Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005). "[I]t follows inexorably from [the] conclusion" that petitioner's detention without a hearing is "likely unconstitutional" that she has "also carried [her] burden as to irreparable harm." *Hernandez*, 872 F.3d at 995.

The final two *Winter* factors, the balance of the equities and public interest, also weigh heavily in favor of granting temporary relief. "[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Jorge M. F. v. Wilkinson*, No. 21-cv-01434-JST, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (cleaned up); *see Melendres*, 695 F.3d at 1002 ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights." (quotation omitted)); *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005) ("Generally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.").

As other courts both inside and outside this district have concluded under similar circumstances, "the potential harm to [Petitioner] is significant, while the potential harm to the government is minimal." *Pablo Sequen*, 2025 WL 2203419, at *3. At most, the government faces a short delay in detaining Bernal if it ultimately demonstrates that her detention is permissible. *See Jorge M. F.*, 2021 WL 783561, at *3; *Diaz v. Kaiser*, No. 25-cv-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025). Faced with "a conflict between [administrative] concerns and preventable human suffering, [the Court has] little difficulty concluding that the balance of hardships tips decidedly in [Petitioner's] favor." *Hernandez*, 872 F.3d at 996 (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1437 (9th Cir. 1983))

A TRO immediately releasing Bernal is appropriate to return her to the status quo. *E. Bay Sanctuary Covenant*, 932 F.3d at 779. The status quo refers to "the last uncontested status which preceded the pending controversy." *Doe v. Noem*, 778 F. Supp. 3d 1151, 1166 (W.D. Wash. 2025) (quoting *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000)). That is the moment prior to Bernal's likely illegal detention. *See Kuzmenko v. Phillips*, No. 25-cv-00663, 2025 WL 779743, at *2 (E.D. Cal. Mar. 10, 2025) (granting a temporary restraining order requiring immediate release of the petitioner back to home confinement from custody, as a restoration of the status quo).

Because Bernal satisfies all requirements for temporary injunctive relief and such relief is necessary to restore the status quo, the TRO is granted as detailed below. This Order accords with many other recent grants of temporary relief in similar circumstances. *See, e.g.*, *Alva v. Kaiser*, No. 25-cv-06676, 2025 WL 2294917, at *3 (N.D. Cal. Aug. 7, 2025) (granting temporary restraining order); *Pinchi v. Noem*, No. 25-cv-05632, 2025 WL 1853763, at *4 (N.D. Cal. July 4, 2025) (granting temporary restraining order requiring release of asylum seeker and a pre-detention bond hearing before re-arrest); *Roa v. Albarran*, No. 25-CV-07802-RS, 2025 WL 2732923, at *6 (N.D. Cal. Sept. 25, 2025) (granting preliminary injunction); *Singh*, 2025 WL 1918679, at *10 (granting preliminary injunction); *Doe v. Becerra*, No. 25-cv-647-DJC-DMC, 2025 WL 691664, at *8 (E.D. Cal. Mar. 3, 2025) (granting temporary restraining order); *see also Diaz*, 2025 WL

1676854 (granting temporary restraining order requiring pre-detention hearing before re-detention of noncitizen out of custody five years); *Garcia v. Bondi*, No. 25-cv-5070, 2025 WL 1676855, at *3 (N.D. Cal. June 14, 2025) (granting temporary restraining order requiring pre-detention hearing before re-detention of noncitizen out of custody six years ); *Enamorado v. Kaiser*, No. 25-cv-4072-NW, 2025 WL 1382859, at *3 (N.D. Cal. May 12, 2025).

Finally, there is no need to require the filing of a bond. *See* Fed. R. Civ. P. 65(c). "[T]here is no realistic likelihood of harm to the [respondents] from enjoining [their] conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003). Therefore, no security is needed to ensure that respondents will be reimbursed for "costs and damages sustained by . . . hav[ing] been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

## IV. ORDER

For the foregoing reasons, Bernal's motion for a TRO is granted to preserve the status quo pending further briefing and a hearing on this matter. Respondents are ordered immediately to release petitioners from custody and are enjoined and restrained from re-detaining her without notice and a pre-deprivation hearing before a neutral decision maker, and from removing any of them from the United States. This Order shall remain in effect until November 27, 2025, unless otherwise ordered. A hearing on preliminary injunction will be heard on November 26, 2025, at 9:30 a.m. Respondents shall file papers showing cause why a preliminary injunction should not enter no later than November 19, 2025, at 5:00 p.m. Petitioners may file a reply no later than November 24, 2025, at noon.

**IT IS SO ORDERED**.

Dated: November 13, 2025

_____
RICHARD SEEBORG
Chief United States District Judge

ORDER GRANTING TRO
CASE NO. 25-cv-09772-RS